IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AYYUB HAYTHAM JAMIL HANNA,              )
                                        )
                    Petitioner,         )
         v.                             )    Case No. 25-3203-JWL
                                        )
C. CARTER, Warden, FCI-Leavenworth,     )
                                        )
                    Respondent.         )
                                        )
_____ )

## **MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants** the petition. Respondent shall release petitioner from custody, subject to an appropriate order of supervision, by **November 28, 2025**, and shall provide notice to this Court when that release is effected.

Petitioner is a native and citizen of Iraq. Petitioner entered the United States in 2003 and eventually became a lawful permanent resident. In 2017, however, he was convicted of sexual assault in Illinois state court, and removal proceedings were subsequently initiated. On December 3, 2020, an immigration judge ordered removal but granted petitioner deferral of removal to Iraq (meaning he could only be removed to an alternative third country). In December 2024, petitioner was released from state custody, and on January 31, 2025, he was taken into custody by immigration officials. Petitioner is presently detained within this judicial district. On September 22, 2025, petitioner filed the

instant habeas action; respondent has filed a response to the petition, petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that his detention has become unreasonably indefinite and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the initial 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .

> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" in his case. The Court disagrees with respondent's contention that petitioner can point to nothing more than the failure to effect his removal within six months. Petitioner has now

3

been detained for more than 9.5 months, a significant period beyond the presumptively-reasonable period of six months.  Petitioner has also provided evidence that as of early July 2025 officials had attempted to remove him to three alternative countries without success, and the fact that officials have been unsuccessful with their first choices suggests that officials will have difficulty eventually finding a country that will accept petitioner.

The Court further concludes that respondent has not rebutted that showing by petitioner.  In a declaration submitted by respondent, an immigration official states only that "DHS has attempted to remove Petitioner to alternative countries, including Belize, Guatemala, and Mexico, with no success;" and that "ICE will continue its efforts to effectuate Petitioner's removal."  The Court does not find such evidence to be sufficient, however.  The declarant claims that officials have attempted to remove petitioner to three specific countries, but she does not describe those attempts at all.  Thus, it is not clear whether requests were actually sent to those other countries, and if so, what responses were received.  Nor does the declarant state when those attempts were made, and thus respondent has not shown that any efforts have been undertaken in the recent past, especially in light of petitioner's evidence that those efforts were made many months ago.  Neither respondent nor the declarant has identified any additional country that has been investigated or considered, or identified any country to which removal might be possible.  Nor has respondent offered any evidence explaining why officials have not been able to undertake additional efforts in petitioner's case.  *See Manago v. Carter*, 2025 WL 2841209, at *2-3 (D. Kan. Oct. 7, 2025) (citing similar facts in concluding that the respondents failed to rebut the petitioner's showing under *Zadvydas*).  Finally, the fact that officials have not yet

made a 90-day custody determination after that process was initiated in April 2025 belies any claim that officials have exercised diligence with respect to petitioner's case.

In sum, respondent has not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials have failed in their attempts to remove petitioner to a third country, and even though they have seemingly made no additional efforts regarding other countries, petitioner will nonetheless be removed to a third country in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700.

Accordingly, the Court grants the petition for habeas relief, and respondent is ordered to effect petitioner's release by **November 28, 2025**.

IT IS THEREFORE ORDERED BY THE COURT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondent shall release petitioner from custody, subject to an appropriate order of supervision, by **November 28, 2025**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 17th day of November, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge